```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                         :    CIVIL ACTION
                               :
                               :    (Bankr. No. 08-13595SR)
WILLIE H. BROWN                :
                               :    NO. 09-cv-00170-JF
```

<u>MEMORANDUM</u>

Fullam, Sr. J.                                         May 21, 2009

  Before the Court is the appeal of a debtor, Willie H. Brown, from a decision of the Bankruptcy Court denying a motion for reconsideration of an earlier order which denied the debtor's application to avoid a judicial lien against the debtor's real estate.  Throughout this entire proceeding, it has been agreed on all sides that the determinative issue was, and is, the value of the debtor's real estate holding.  The debtor contends that the value of that real estate does not exceed $110,000; the holders of the judgment lien contend that the property is worth at least $150,000, hence the debtor had sufficient equity to cover their judgment lien.

  After an evidentiary hearing, the bankruptcy judge sided with the lienholders, and found as a fact that the property was worth at least $150,000, hence the lien should not be stricken.  The debtor filed a motion for reconsideration of that decision.  The motion for reconsideration was scheduled for a hearing before the bankruptcy judge.  When the case was called, the debtor was present in the courtroom, but the debtor's counsel

was engaged in another hearing before another bankruptcy judge in the same building. The motion for reconsideration was dismissed for lack of prosecution.

Thereupon, the debtor filed a motion for reconsideration, pointing out that counsel's absence was due to the conflicting schedules of the various bankruptcy judges, and should not be attributed to the debtor. That motion for reconsideration was denied, whereupon the debtor filed a second motion for reconsideration. It is the denial of that second motion for reconsideration which is on appeal here. The bankruptcy judge refused to grant the second motion for reconsideration unless the debtor or debtor's counsel first paid some of the counsel fees of the lienholders' counsel attributable to his having had to wait for the debtor's counsel to show up at the original hearing.

Having carefully reviewed the entire record presented in this Court, I am inclined to agree with the appellant that the denial of the second motion for reconsideration amounted to an abuse of discretion. The unfortunate animosities which seem to have developed throughout this bankruptcy proceeding, not only between the lienholders and the debtor, but between the debtor's counsel and the Bankruptcy Court, should not be permitted to affect the merits of the case.

On the other hand, however, since the original denial of the debtor's motion to avoid the judicial lien was obviously correct, (the $150,000 valuation was supported, not only by a facially valid appraisal, but by the fact that a third party had offered to buy the debtor's real estate for $150,000, and the debtor refused to sell), no useful purpose would be served in further prolonging this litigation.  Stated otherwise, the debtor was not prejudiced in any way by the denial of the second motion for reconsideration, even though the reason advanced for that denial was invalid.  The pending appeal will therefore be dismissed.

An Order follows.


BY THE COURT:


/s/ John P. Fullam
John P. Fullam, Sr. J.